NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JEFFREY M. CHEMERINSKY (Cal. Bar No. 270756)
Assistant United States Attorney
Deputy Chief, Violent & Organized Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6520
     Facsimile: (213) 894-0141
     E-mail:    jeffrey.chemerinsky@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT

December 5, 2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CD_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 5:20-mj-00639-DUTY-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S NOTICE OF REQUEST FOR DETENTION |
| v. | |
| GREGORY JOHNSON, | |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel of record, hereby requests detention of defendant and gives notice of the following material factors:

☐ 1. Temporary 10-day Detention Requested (§ 3142(d)) on the following grounds:

    ☐ a. present offense committed while defendant was on release pending (felony trial),

    ☐ b. defendant is an alien not lawfully admitted for permanent residence; <u>and</u>

|   | c. | defendant may flee; or |
|---|---|---|
|   | d. | pose a danger to another or the community. |
| ☒ | 2. | Pretrial Detention Requested (§ 3142(e)) because no condition or combination of conditions will reasonably assure: |
| ☒ | a. | the appearance of the defendant as required; |
| ☒ | b. | safety of any other person and the community. |
| ☐ | 3. | Detention Requested Pending Supervised Release/Probation Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C. § 3143(a)): |
| ☐ | a. | defendant cannot establish by clear and convincing evidence that he/she will not pose a danger to any other person or to the community; |
| ☐ | b. | defendant cannot establish by clear and convincing evidence that he/she will not flee. |
| ☒ | 4. | Presumptions Applicable to Pretrial Detention (18 U.S.C. § 3142(e)): |
| ☐ | a. | Title 21 or Maritime Drug Law Enforcement Act ("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| ☒ | b. | offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or 2332b(g)(5)(B) with 10-year or greater maximum penalty (presumption of danger to community and flight risk); |
| ☐ | c. | offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), |

|   |   |    | 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk); |
|---|---|----|---|
|   | ☐ | d. | defendant currently charged with an offense described in paragraph 5a - 5e below, <u>AND</u> defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), <u>AND</u> that previous offense was committed while defendant was on release pending trial, <u>AND</u> the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community). |
| ☒ | 5. |    | Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves: |
|   | ☒ | a. | a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)), a violation of 18 U.S.C. § 1591, or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more; |
|   | ☒ | b. | an offense for which maximum sentence is life imprisonment or death; |
|   | ☐ | c. | Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more; |
|   | ☐ | d. | any felony if defendant has two or more convictions for a crime set forth in a-c above or for an offense under state or local law that would qualify under a, b, or c |

| | | | |
|---|---|---|---|
| 1 | | | if federal jurisdiction were present, or a combination |
| 2 | | | or such offenses; |
| 3 | ☐ | e. | any felony not otherwise a crime of violence that |
| 4 | | | involves a minor victim or the possession or use of a |
| 5 | | | firearm or destructive device (as defined in 18 U.S.C. |
| 6 | | | § 921), or any other dangerous weapon, or involves a |
| 7 | | | failure to register under 18 U.S.C. § 2250; |
| 8 | ☒ | f. | serious risk defendant will flee; |
| 9 | ☐ | g. | serious risk defendant will (obstruct or attempt to |
| 10 | | | obstruct justice) or (threaten, injure, or intimidate |
| 11 | | | prospective witness or juror, or attempt to do so). |
| 12 | ☐ | 6. | Government requests continuance of _____ days for detention |
| 13 | | | hearing under § 3142(f) and based upon the following |
| 14 | | | reason(s): |

15  
16 _____  
17 _____  
18 _____  
19 //  
20 //  
21 //  
22 //  
23 //  
24 //  
25 //  
26 //  
27 //  
28 //  

4

☐ 7. Good cause for continuance in excess of three days exists in that:

_____

_____

_____

_____

Dated: December 5, 2020          Respectfully submitted,

                                 NICOLA T. HANNA
                                 United States Attorney

                                 BRANDON D. FOX
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                    /s/ Jeffrey M. Chemerinsky
                                 JEFFREY M. CHEMERINSKY
                                 Assistant United States Attorney

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA